# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Joseph Gormisky and Melissa M Cropley<br><br>Debtors<br><br>PennyMac Loan Services, LLC, or its Successor or Assignee<br>Movant<br>vs.<br><br>Kenneth E. West, Trustee<br>Joseph Gormisky and Melissa M Cropley<br>Respondents | Chapter 13<br>Bankruptcy No. 24-12353 |

### ORDER GRANTING SETTLEMENT STIPULATION

It is hereby ORDERED that the Stipulation to Settle Motion of PennyMac Loan Services, LLC for Relief from the Automatic Stay is hereby APPROVED.

**Date: March 13, 2025**

Patricia M. Mayer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:    Joseph Gormisky and Melissa M Cropley<br>Debtors<br>PennyMac Loan Services, LLC, or its Successor or Assignee<br>Movant<br>vs.<br>Kenneth E. West, Trustee<br>Joseph Gormisky and Melissa M Cropley<br>Respondents | Chapter 13<br>Bankruptcy No. 24-12353 |

## SETTLEMENT STIPULATION

WHEREAS, on July 9, 2024 Joseph Gormisky and Melissa M Cropley (the "Debtors") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on November 25, 2024, PennyMac Loan Services, LLC (Movant) filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding property located at: 4706 -08 Almond Street, Philadelphia, Pennsylvania 19137;

WHEREAS, Movant and the Debtors are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, MARISA M. COHEN, ESQUIRE, and ANDREW M. LUBIN, ESQUIRE and the Debtors, by and through their counsel, BRAD J. SADEK, ESQUIRE ("Debtors' Counsel") as follows:

1. The parties hereby certify that the post-petition delinquency is $9,309.18, consisting of post-petition payments for the months of August 1, 2024 through January 1, 2025. Debtors' monthly mortgage payment is $1,551.53. Movant has incurred attorney fees and costs totaling $1,249.00, thereby increasing the post-petition delinquency to $10,558.18.

2. Within thirty (30) days of the date of this Stipulation, the Debtor shall file an Amended Chapter 13 Plan to provide cure for the balance of the post-petition delinquency in the amount of $10,558.18 as referenced in Paragraph 1 of this Stipulation.

3. Upon filing of the Amended Chapter 13 Plan, Movant shall amend its Proof of Claim to include the balance of the post-petition delinquency in the amount of $10,558.18 as referenced in Paragraph 1 of this Stipulation.

4. Debtor shall resume making regular monthly mortgage payments in the amount of $1,551.53 beginning on February 1, 2025

5. All payments are to be made payable to PennyMac Loan Services, LLC at the following address:

PennyMac Loan Services, LLC
P.O. Box 660929
Dallas, TX 75266-0929

6. The last four digits of your loan number 5346. Please remember to write your entire account number on the lower left-hand corner of your payment to ensure proper processing.

7. Should Debtors fail to comply with any of the terms of this Stipulation, including but not limited to, failure to file an Amended Chapter 13 Plan providing for cure of the post-petition delinquency, failure to make the above described payments, or any regular monthly mortgage payment commencing after the cure of the post-petition delinquency, then Movant may send Debtors and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtors' failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

8. In the event the Debtors convert their case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtors convert their case to a Chapter 7, Debtors shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send Notice of Default and certify default as set forth in the preceding paragraph.

9. Attorney fees and costs for issuing Notice to Cure, Notice / Certificate / Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

10. Counsel for Debtor has authority to settle this matter on behalf of his/her clients.

_[signature]_

Marisa M. Cohen, Esquire
Andrew M. Lubin, Esquire
McCabe, Weisberg & Conway, LLC
1420 Walnut Street
Suite 1501
Philadelphia, PA 19102
Attorney for Movant

January 30, 2025
Date

/s/ Brad J. Sadek

BRAD J. SADEK
Sadek and Cooper
1500 JFK Boulevard
Suite 220
Philadelphia, Pennsylvania 19102
Attorney for Debtors

January 30, 2025
Date


/s/ Jack K. Miller, Esquire    for
Kenneth E. West
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
Trustee

March 10, 2025
Date

I have no objection to its terms, without prejudice to any of our rights and remedies