IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------x
In re                                         :
                                              :       Chapter 13
        JOSEPH GORMISKY                       :
                                              :
        MELISSA M. CROPLEY                    :       Case No. 24-12353(PMM)
                        Debtors.              :
                                              :
------------------------------------------------------x
```

### CITY OF PHILADELPHIA'S LIMITED OBJECTION TO
### DEBTORS' MOTION TO SELL PROPERTY

AND NOW, comes the City of Philadelphia ("the City"), a secured creditor in the above-captioned case, by and through its counsel, Pamela Elchert Thurmond, Senior Attorney, and responds to Joseph Gormisky & Melissa M. Cropley ("the Debtors") Motion to Sell Property [Docket No. 58] ("the Motion").

The City avers the following in its objection thereto:

1. On July 9, 2024, the Debtors filed a voluntary petition for Chapter 13 bankruptcy with this Court.

2. On June 20, 2025, the Debtors filed the Motion to sell the real property located at 4706-08 Almond Street, Philadelphia, PA ("the Subject Property").

3. The City is not opposed to the sale of the Subject Property provided it is paid in full or in an agreed upon amount for its statutory liens and judgment liens, if applicable, at closing.

4. The proposed order attached to the Motion does provide for payment of the City's statutory liens, though it provides for "$0.00" payment for the City's realty transfer tax.

1

5. Real estate sales in Philadelphia, unless exempt, are subject to two realty transfer taxes, currently taxed at a combined 4.578% of which 1% is a Commonwealth of Pennsylvania tax and 3.578% is a City tax.

6. The City's RTT is governed by Philadelphia Code §§ 19-1401 to 19-1417. It does not appear the sale transaction is an excluded transaction from realty transfer tax contained within Philadelphia Code §19-1405.

7. While the City does not object to the sale if it is paid appropriately on behalf of its liens and it is paid realty transfer tax as applicable.

WHEREFORE, the City respectfully requests that this Court APPROVE the Debtor's Motion to Approve the Sale of Real Property **only** if the City's judicial or statutory liens are paid appropriately at closing and the City is paid realty transfer tax as applicable.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: July 7, 2025     By:     /s/ Pamela Elchert Thurmond
PAMELA ELCHERT THURMOND
Senior Attorney
PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
1401 JFK Blvd., 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)
Email: Pamela.Thurmond@phila.gov