## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph Gormisky,<br>Melissa M. Cropley,<br>　　　　　　　　　　*Debtors*. | Case No. 24-12353-pmm<br>Chapter 13 |

**Order Approving Sale of 4706-08 Almond Street to Kalei Finley Settlement Trust**

    **AND NOW**, after consideration of the Motion to Sell Property filed by Debtors Joseph Gormisky and Melissa M. Cropley, and after notice and hearing, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. §§ 363 and 1303, the Debtors are authorized to sell their property located at **4706-08 Almond Street** in the City of Philadelphia, County of Philadelphia, and State of Pennsylvania ("the Property") to Kalei Finley Settlement Trust ("the Buyer") for a price of **$350,000.00** pursuant to the sale agreement dated June 17, 2025.

3. The Debtors are further authorized to complete the sale, pay off any and all liens on the property to allow for clear title and associated closing costs, execute any and all documents in furtherance of the sale without further order of the court and to receive the net proceeds of the sale.

4. The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, must be distributed in the approximate following manner:

    Ordinary and reasonable settlement costs:..........................$305.00

    Liens paid at closing:...................................................$227,105.69

    Real estate taxes, sewer, trash, and other such items: .....$5,062.13

    Property repairs:..............................................................$1,395.00

    Real estate commission:................................................$21,000.00

    Real estate transfer taxes: ..............................................$8,011.50

    Attorney's fees:......................................................................$0.00

    Any small allowances agreed to be made to Buyer to
    settle any unforeseen dispute arising at settlement: .................$0.00

  Other: ...................................................................................$0.00

  **Estimated Total Costs..................................$262,879.32**

  **Estimated Credits from Buyer...................... ($1,053.65)**

  **Estimated Net Proceeds ...............................$88,174.33**

5. This Order is contingent upon the mortgage liens being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date, or any short payoff shall be approved by the mortgage holder

6. The Debtors shall have 90 days from entry of this Order to sell the Property.

7. Any judgments and liens shall be paid at closing in amounts necessary and the above amounts may be adjusted to provide the buyer with clear title.

8. The City of Philadelphia's statutory liens and judicial liens (if any) shall be paid at closing, in amounts required to provide the Buyer with clear title.

9. Upon receipt of payment, any creditors paid at closing shall withdraw or amend their proofs of claim within 30 days.

10. After all existing liens are fully satisfied and all estimated costs stated above have been paid, the title clerk shall pay $25,000.00 to Kenneth E. West, Chapter 13 Trustee, and then pay the balance of any proceeds to Debtors Joseph Gormisky and Melissa M. Cropley.

11. Notwithstanding the amounts provided above, all liens must be paid at closing in amounts required to provide the Buyer with clear title.

12. The title clerk shall email settlementsheet@ph13trustee.com and fax 215-627-6299, a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall email fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

13. The Debtors must file an amended chapter 13 plan within 30 days after the sale is complete.

14. The stay imposed by Fed. R. Bankr. P. 6004(h) is waived, and this order is effective immediately.

Date:

                                        Patricia M. Mayer
                                        U.S. Bankruptcy Judge